# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOHN HOCKETT, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Civil No. 3:16-CV-2779-O |
| | § | (No. 3:13-CR-267-O-(14)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

John Hockett, a federal prisoner represented by counsel, has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. For the reasons set out below, the Court rejects Hockett's challenges to his counsel's performance at trial and at sentencing. Because his remaining claims are either procedurally defaulted or not cognizable in this § 2255 proceeding, the Court **DENIES** his § 2255 motion with prejudice.

**Applicable Background**

A jury found Hockett guilty of conspiracy to distribute marijuana, and he was sentenced to prison for 84 months. *See United States v. Hockett*, No. 3:13-cr-267-O (14) (N.D. Tex.), ECF No. 626. On direct appeal, Hockett argued only that the trial-evidence was insufficient to show that he conspired to distribute drugs that he knew would later be sold in Texas. *See United States v. Hockett*, 616 F. App'x 198, 199 (5th Cir. 2015) ("Hockett, a California resident, . . . maintains he was unaware of his co-conspirators' intent to distribute the marijuana in Dallas, Texas."). The United States Court of Appeals for the Fifth Circuit reviewed that claim for plain error because Hockett had not challenged the sufficiency of the evidence at trial. *See id.* And the Fifth Circuit held

that—in light of his co-conspirators' inculpatory testimony—Hockett could not establish that his conviction was a manifest miscarriage of justice. *See id.*

After Hockett's petition for a writ of certiorari was denied, *see Hockett v. United States*, 136 S. Ct. 1693 (2016), he filed this § 2255 motion. *See* ECF No. 1. He raises eleven claims for relief. *See* ECF No. 1 at 2. Although Hockett does not present his claims chronologically, or by subject-matter, the Court addresses them that way. The Court first assesses Hockett's claims that his counsel was ineffective at trial, claims (1) and (2), and at sentencing, claim (9); the court then turns to Hockett's remaining claims—seven of which are procedurally barred,[1] and one of which is not cognizable in this collateral proceeding.[2]

**Law & Analysis**

**Ineffective Assistance of Counsel Claims**

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims concerning the alleged ineffective assistance of counsel are reviewed under the two-prong test established in *Strickland*. To prevail on an ineffective assistance of counsel claim under *Strickland*, the movant must show both (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his attorney's substandard performance. *Id.* at 687-91, 694.

---

[1] The following claims are procedurally barred: the government violated its pretrial duty of disclosure (claim 3); the Court erred in excluding certain evidence (claim 4); Hockett's "witnesses were threatened with prosecution and thus excluded" (claim 5); the government presented improper arguments at trial (claim 6); the "drug quantity was established without a jury finding" (claim 7); "post-conviction evidence that government witness testified untruthfully at trial" (claim 10); and "search evidence should have been suppressed" (claim 11).

[2] As discussed below, claim (8)—Hockett's request for 18 U.S.C. § 3582 relief—is not cognizable in this collateral proceeding.

Claims (1) and (2)—Trial Counsel's Failure to Move for a Judgment of Acquittal

Hockett urges that his trial counsel was ineffective when he failed to move for a judgment of acquittal. To establish prejudice, Hockett argues that counsel's failure cost him on appeal, noting that, if counsel had moved for a judgment of acquittal, then the Fifth Circuit would have reviewed his sufficiency claim under a more-favorable standard of review. *See* ECF No. 1 at 8-10. But Hockett cannot show that the Fifth Circuit would have overturned the jury's finding, even applying a more-favorable standard of review.

"The prejudice prong in this context require[s] [Hockett] to show that [the Fifth Circuit] would have afforded him relief on appeal." *United States v. Hanner*, 549 F. App'x 289, 290 (5th Cir. 2013); *see also United States v. Reinhart*, 357 F.3d 521, 530 (5th Cir. 2004) (explaining that a court must "'counter-factually determine the probable outcome on appeal had counsel raised the argument.'") (quoting *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000)). Had counsel preserved Hockett's sufficiency-of-the-evidence challenge for appeal, the Fifth Circuit would have reviewed the trial evidence in the light most favorable to the government and would have affirmed the jury's verdict so long as any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Cf. Hockett*, 616 F. App'x at 199 ("Properly preserved sufficiency-of-the evidence challenges are reviewed 'in the light most favorable to the government' and will fail if 'any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt.'") (quoting *United States v. Thomas*, 988 F.2d 1214, 1214 (5th Cir. 2014) (per curiam)).

A review of the evidence that the Fifth Circuit highlighted in Hockett's direct appeal shows that the Court would have affirmed Hockett's conviction even if he had preserved his sufficiency

claim. As the *Hockett* Court recounted, the evidence, viewed in the light most favorable to the government, showed:

> Hockett sold marijuana to Jayme Meadows and Travis Potash in California. Meadows and Potash, who cooperated with the Government, testified Hockett knew of their intent to distribute the purchased marijuana in Dallas. . . .
>
> Meadows testified he told Hockett he was coming from Dallas to purchase marijuana from Hockett, and Hockett provided suggestions for shipping it to Dallas, including using expandable foam in the packaging and transporting [marijuana] with a musician traveling from California to Texas. Similarly, Potash, who went with Meadows to purchase marijuana from Hockett in California, testified he was confident he told Hockett he and Meadows traveled from Texas.

*Hockett*, 616 F. App'x at 199. Moreover, the Fifth Circuit rejected Hockett's argument that Meadows' testimony was unbelievable as a matter of law. *See id.* ("Meadows' testimony substantially matched Potash's and was not incredible as a matter of law."). Weighing exactly that evidence, the Fifth Circuit would have surely concluded that a rational juror could have found the essential elements of the offense charged—that Hockett conspired with Meadows and Potash to sell marijuana in Texas and elsewhere—beyond a reasonable doubt.

Hockett urges here—as he did on direct appeal—that there was no record evidence to show that he conspired with Meadows and Potash to distribute marijuana outside of California. *See* ECF No. 1 at 13-15 ("Hockett's act of providing the marijuana in California does not connect him to any conspiracy to transport the marijuana into Texas for sale."). But Hockett is wrong. As set out above, Meadows testified that Hockett knew that he had traveled from Texas, provided tips on shipping marijuana in flat-rate boxes, and told Meadows that a traveling musician could deliver marijuana to Texas. Thus there is no merit to Hockett's claim that the Fifth Circuit would have overturned his conviction under a more-favorable standard of review. Because Hockett cannot show prejudice

stemming from his trial counsel's failure to preserve this issue for appeal, he is not entitled to relief on claims (1) or (2).

Claim (9)—Trial Counsel's Failure to Discuss the Presentence Report with Hockett

Hockett claims that his counsel failed to timely discuss the Presentence Report with Hockett and "[h]ad the information from the pre-sentence report been provided and discussed with [Hockett] then it might have revealed a basis for an objection or downward departure." ECF No. 1 at 26. To succeed on that claim under *Strickland*, Hockett must offer more than "conclusory allegations." *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance are insufficient to raise a constitutional issue"); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (same). Rather, he must show actual prejudice—i.e., that if his counsel had showed him the Presentence Report earlier, then counsel would have fashioned a successful argument for a lower prison sentence.

Hockett's only allegation of prejudice—that he "might have" found a basis for an objection—is too speculative and conclusory to warrant relief. Hockett fails to point to a single objection or argument that would have been made if he had more time to review his Presentence Report; and he fails to explain how that argument would have resulted in a shorter sentence. Hockett's failure to show such actual prejudice is fatal to claim (9).

**Procedurally Defaulted Claims**

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). "The Supreme Court has emphasized repeatedly that a 'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937

F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

Where a defendant can raise an argument on direct appeal, but does not, he may be procedurally barred from raising that claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). To overcome the procedural bar, the movant must show "cause" for the default and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. "This cause and actual prejudice standard presents 'a significantly higher hurdle' that the 'plain error' standard that [applies] on direct appeal." *Id.* at 231 (quoting *Frady*, 456 U.S. at 166).

There is one narrow exception under which a movant may overcome his procedural default without showing both cause and prejudice: A defaulted claim may be raised for the first time in a § 2255 proceeding in the "extraordinary case" in which "a constitutional violation has probably resulted in the conviction on one who is actually innocent." *Shaid*, 937 F.2d at 231 (quoting *Murray v. Carrier*, 477 U.S. 478, 493 (1986)); *see also United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) ("If a § 2255 movant failed to raise a claim on direct appeal, he may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent."); *accord Bousley v. United States*, 523 U.S. 614, 622 (1998). To establish actual innocence, a movant must show that "in light of all the evidence" it is "more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

Here, Hockett could have—but did not—raise the following claims on direct appeal:

Claim (3): "Government should have provided all pre-trial statements in discovery;"

Claim (4): "Court erred in excluding evidence about California medical marijuana law;"

Claim (5): "Defense witnesses were threatened with prosecution and thus excluded;"

Claim (6): "Government's improper argument regarding multiple conspiracies;"

Claim (7): "Drug quantity was established without a jury finding;"

> Claim (10): "Post-conviction evidence that government witness testified untruthfully;" and
>
> Claim (11): "Search evidence should have been suppressed."

*See* ECF No. 1 at 2. The government argues that Hockett has defaulted these claims and so cannot raise them in this § 2255 proceeding. *See generally* ECF No. 4. In his reply brief, Hockett, through counsel, responds only:

> **Cause**
>
> The government argues repeatedly that "cause" has not been demonstrated for failing to raise certain points on direct appeal. However, the Fifth Circuit has made clear that a well-recognized "cause" is ineffective assistance of counsel. *See Hinojosa v. United States*, 172 F.3d 866 (5th Cir. 1999) (accepting argument that ineffective assistance of trial and appellate counsel served as the "cause" for defendant's failure to raise other points on direct appeal.)

ECF No. 5 at 6 (emphasis omitted).

Although Hockett is correct that a colorable claim of ineffective assistance of counsel can establish cause, "a § 2255 petitioner cannot meet the cause and prejudice requirements simply by making conclusory assertions of ineffective assistance." *United States v. Knezek*, 3 F.3d 436, 436 (5th Cir. 1993) (per curiam). Hockett does not even go that far—he does not identify which arguments should have been pressed on appeal, argue that his appellate counsel was ineffective for failing to raise these arguments, or attempt to argue that his counsels' performance caused his default. Nor does he attempt to establish prejudice under *Strickland* or *Shaid*. Instead, he merely notes that ineffective assistance can constitute cause. To the extent that Hockett's brief can be read as an attempt at *arguing* cause to overcome his default, the Court rejects it as conclusory. *See, e.g.*, *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) ("[Movant's] conclusory statement in his brief in support of the § 2255 motion that 'counsel's failure to raise the issue either at sentencing or on direct appeal constitutes ineffective assistance of counsel and demonstrates both cause and

prejudice under the *Frady* test' is wholly insufficient to raise the issue of ineffective assistance of counsel."); *see also United Sates v. Cox*, 83 F.3d 336 (10th Cir. 1996) (rejecting the movant's "merely conclusory" allegation of ineffective assistance of counsel made in an effort to avoid procedural default).

Moreover, actual innocence cannot save Hockett's defaulted claims, and he makes no attempt to assert otherwise. In claim (10), Hockett does argue that there is record evidence—two hearsay affidavits from prisoners who talked with Meadows and Potash after the trial—to undermine the inculpatory testimony from Hockett's two co-conspirators. Even if the Court were to read into Hockett's brief an implicit argument that he can overcome the procedural default of his claims through new, reliable evidence of his actual innocence, his two affidavits fail to meet the demanding requirements to excuse his default.

Indeed, the Court has already considered those affidavits in denying Hockett's motion for a new trial. *See United States v. Hockett*, No. 3:13-cr-267-O (14) (N.D. Tex.), ECF No. 609 (motion for a new trial); *see also* ECF No. 654 (denying the motion). Those affidavits constitute hearsay, so they are not "new reliable" evidence of Hockett's innocence. *See Schlup*, 513 U.S. at 324 (holding that an actual innocence claim must be predicated on "new reliable evidence."); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual-innocence gateway pleas are rare" and must be supported by "new evidence," which must convince the district court that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt). Moreover, even if that hearsay was admissible and was introduced at trial, the affidavits show—at most—that Hockett's co-conspirators over-represented the number of times that they purchased marijuana from Hockett; but they do not show that he was uninvolved in the conspiracy.

In sum, the Court concludes that claims (3), (4), (5), (6), (7), (10),[3] and (11) are procedurally defaulted, and so Hockett is not entitled to post-conviction relief on any of them.

**Claim (8) is not cognizable under § 2255**

In claim (8), Hockett "moves for correction of sentence pursuant to 18 U.S.C. § 3582(c)(2)," arguing that he is entitled to a sentencing reduction in light of an Amendment to the advisory United States Sentencing Guidelines. *See* ECF No. 1 at 25. But his claim is not cognizable in this § 2255 proceeding. *See United States v. Guerrero*, 691 F. App'x 179, 179 (5th Cir. 2017) (per curiam) (noting that the defendant's claim that the district court should have retroactively applied Amendment 794 was not cognizable in a § 2255 proceeding because "[c]laims of misapplication of the guidelines are not cognizable under § 2255."). Moreover, the Court need not construe Hockett's motion as one for relief under § 3582 because he has already filed a separate § 3582 motion. *See United States v. Hockett*, No. 3:13-cr-267-O (14) (N.D. Tex.), ECF No. 699 (moving for § 3582 relief); *cf. Guerrero*, 691 F. App'x at 179 (concluding that the district court did not err in construing a claim for a sentence reduction in the wake of Amendment 794—"purportedly" filed in a § 2255 motion—as a motion for relief under § 3582).

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

---

[3]To the extent that claim (10) can be read as a freestanding claim of actual innocence, it is not cognizable in this collateral proceeding. Courts in the Fifth Circuit "'do[] not recognize freestanding actual innocence claims.'" *United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018) (quoting *United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014)).

2255(b). The matters reviewed by the Court conclusively show that Hockett is entitled to no relief.

**Certificate of Appealability**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Hockett has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Hockett elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

**Conclusion**

Hockett's § 2255 motion is **DENIED** with prejudice.

**SO ORDERED** this **14th day** of **June, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**